United States District Court
Southern District of Texas
**ENTERED**
December 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| REYNA GUADALUPE ZUNIGA § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 1:23-CV-171 |
| § | CRIMINAL NO. 1:22-CR-825-1 |
| UNITED STATES OF AMERICA § | |
| § | |
| Respondent § | |

## ORDER AND OPINION

In November 2023, Petitioner Reyna Guadalupe Zuniga filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (Petition, Doc. 1)

In a § 2255 matter, the district court has an independent obligation to review the record and the pleadings, and "if it plainly appears" that the petitioner is not entitled to relief, the court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. In the current matter, after conducting that review and based on the record and the applicable law, the Court concludes that Zuniga is not entitled to the relief that she requests.

### I. Factual and Procedural Background

In August 2022, a Cameron County Constable conducted a traffic stop of a vehicle that Zuniga was driving. Agents from the Rio Grande Valley Sector Border Patrol Agents-Intelligence contacted her, and she "admitted" that "she is a citizen of Mexico with no legal status in the United States." (*U.S. v. Zuniga*, Criminal No. 1:22–825–1 ["CR"], Revised PSR, CR–Doc. 39, 3) The following month, a grand jury indicted Zuniga on one count of being an alien found unlawfully within the United States after having been previously deported from the United States. (Indictment, CR–Doc. 8)

In May 2023, Zuniga pled guilty, pursuant to a written plea agreement, to the charges against her. (*See* CR–Minute Entry for November 3, 2020)  During the re-arraignment hearing, the Court explained that by entering into the plea agreement, Zuniga was waiving her right to attack the conviction under 28 U.S.C. § 2255.  She indicated that she understood the effect of that waiver provision.  In addition, Zuniga admitted that "she was an alien and citizen of Mexico who had entered the United States illegally." (Re–Arraignment Trans., CR–Doc. 44, 27–28)  After accepting her guilty plea and finding her guilty, the Court scheduled a sentencing hearing for August 10.

On July 17, the Probation Office filed the Pre-Sentence Investigation Report (CR–Doc. 30).  The Probation Office assessed Zuniga with a base offense level of eight and the following two enhancements for Specific Offense Characteristics:

- An eight-level enhancement under § 2L1.2(b)(2)(B) because Zuniga had felony convictions for non-illegal-reentry offenses that predated her first deportation; and
- An eight-level enhancement under § 2L1.2(b)(3)(B) because Zuniga had felony convictions for non-illegal-reentry offenses that occurred after her first deportation.

(PSR, CR–Doc. 39, 5–6)  The PSR afforded Zuniga full credit for acceptance of responsibility and applied no enhancement for obstruction of justice.  The PSR reflected a Total Offense Level of 21, which, when coupled with Zuniga's Criminal History Category of IV, resulted in a guideline range of 57 to 71 months.[1]

On July 25, Zuniga's attorney filed a motion to have the Court determine the authenticity of a birth certificate reflecting that Zuniga had been born in the United States. (Motion, CR–Doc. 35)  On August 2, her counsel withdrew the request. (Motion, CR–Doc. 37; *see also* Order Granting Motion, CR–Doc. 38)

---

[1] Although Zuniga has no previous conviction under 8 U.S.C. § 1326, the Revised PSR reflected that she has been deported on at least two occasions. (Revised PSR, Doc. 39, 9–10)

On August 8, two days before the scheduled sentencing hearing, the Probation Office filed a Revised Presentence Investigation Report (CR–Doc. 39). In this Revised PSR, the base offense level and the two eight-level enhancements included in the initial PSR remained the same. The Revised PSR, however, also included a two-level enhancement under § 3C1.1 for obstruction of justice, based on Zuniga providing the Probation Office with a "fraudulent altered United States birth certificate to substantiate a United States citizenship claim." (Revised PSR, CR–Doc. 39, 6) In addition, based on the application of the obstruction of justice enhancement, the Revised PSR removed all credit for acceptance of responsibility. Based on these adjustments, the Revised PSR applied a Total Offense Level of 26, which, based on Zuniga's criminal history, resulted in a sentencing guideline range of 92 to 115 months. (PSR, CR–Doc. 39, 6–18)

On August 10, the Court held the sentencing hearing. The Court sustained Zuniga's oral objections to the obstruction of justice enhancement and the absence of any credit for acceptance of responsibility. (Sentencing Trans., CR–Doc. 45, 2–5) These rulings reduced Zuniga's sentencing guideline range to 57 to 71 months, which mirrored the range in the initial PSR. (*Id.*)

In ruling on the oral objections, the Court referenced the birth certificate that purported to reflect that Zuniga was a United States citizen, noted that doubts existed about the legitimacy of the document, and acknowledged that Zuniga's counsel had quickly withdrawn the motion to verify the questionable birth certificate. At the sentencing hearing, neither Zuniga nor her counsel defended the birth certificate's authenticity. And in her allocution, Zuniga apologized for entering the United States and represented that she would not return illegally.

The Court sentenced Zuniga to 62 months of incarceration and a three-year term of supervised release. (Judgment, CR–Doc, 42)

Zuniga did not file a notice of appeal.[2]

---

[2] The Habeas Petition inaccurately represents that she "appealed from the judgment or conviction". (Petition, Doc. 1, 4–5)

On November 21, Zuniga timely filed her Habeas Petition. She includes two grounds, which the Court restates as the following three claims: (1) that she is a United States citizen based on her parents possessing United States citizenship; (2) that the police conducted a traffic stop without probable cause; and (3) that law enforcement authorities did not inform her of her *Miranda* rights before interviewing her.[3] (Petition, Doc. 1, 4–5)

As the Court can resolve the Petition solely on the record, the Court has not ordered the Government to respond.

## II.  Analysis

In a habeas action under 28 U.S.C. § 2255, "federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." *Lawrence v. McCarthy*, 344 F.3d 467, 474 (5th Cir. 2003). Where a § 2255 petitioner exhausts or waives her direct appeal, courts may presume that she was fairly convicted. *U.S. v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

A court may consider and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255(c). The court need not conduct a hearing where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief. *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

In the present case, as Zuniga is proceeding *pro se*, the Court applies a liberal construction to her Petition to ensure that her claims are not unfairly dismissed because of her unfamiliarity with the law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even applying this lenient standard, however, the Court concludes that Zuniga is not entitled to relief.[4]

---

[3] In the plea agreement that she signed, Zuniga waived her right to attack her conviction under 28 U.S.C. § 2255. At her re-arraignment, she acknowledged that she understood the waiver provision, and that she voluntarily signed the plea agreement. Still, as the Court has not ordered the United States to file a response to Zuniga's Petition, the Court will not base its decision as to Zuniga's Petition on the waiver provision within the plea agreement. This approach, however, does not waive the United States's right to seek enforcement of the plea agreement in the future.

[4] The Court notes that as Zuniga did not raise her claims on direct appeal, they are subject to possible procedural default. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Given that the Court has not requested a response from the Government, in which it could raise the procedural default as a defense, and because Zuniga's claims are substantively meritless, the Court will not *sua sponte* invoke the procedural default bar.

First, Zuniga's unsupported claim of United States citizenship fails. On several occasions in connection with the criminal action, Zuniga acknowledged that she was a citizen of Mexico with no authorization to enter the United States. She conceded as much to the agents in her post-arrest interview. When she pled guilty, she pled as "true" that she was an alien and citizen of Mexico who had entered the United States illegally. And in her allocution at the sentencing hearing, she apologized for entering the United States illegally. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Zuniga repeatedly denied holding United States citizenship. Now she claims, without any supporting evidence, that her parents were United States citizens and that, as a result, she enjoys the same citizenship. But her unsupported allegations do not satisfy her "heavy burden" to overcome the presumption of verity. *See DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *see also United States v. Jimerson*, 754 Fed. App'x 275, 277 (5th Cir. 2018) (a defendant "must wield specific factual allegations" to repudiate statements made under oath when entering a plea of guilty).

In addition, even accepting Zuniga's allegation that her parents were United States citizens, she alleges no facts that would establish her own United States citizenship. Zuniga was born in 1967 outside of the United States to parents whom she alleges were both United States citizens. Based on the statute that applied at the time, Zuniga obtained United States citizenship at birth if one of her parents "had a residence in the United States or one of its outlying possessions" before Zuniga was born. 8 U.S.C. § 1401(a)(3)(1952). Alternatively, if her parents were not married when Zuniga was born, she would have to demonstrate that her mother, prior to Zuniga's birth, "had previously been physically present in the United States or one of its outlying possessions for a continuous period of one year."[5] 8 U.S.C. § 1409(c)(1952). Irrespective of which standard applies, Zuniga fails to allege any facts that would satisfy the statute.

---

[5] The record does not reflect whether Zuniga's parents were married when she was born.

Zuniga's second and third claims also prove inadequate to support any relief. She argues that law enforcement conducted a traffic stop without probable cause and interviewed her before informing her of her *Miranda* rights. Even if these allegations were true, Zuniga has waived any claims based on them. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects" in the criminal proceedings. *United States v. Scruggs*, 714 F.3d 258, 261–62 (5th Cir. 2013). Such defects include any claims regarding lack of probable cause or *Miranda* violations. *See United States v. Guzman-Hernandez*, 392 Fed. App'x 321, 322 (5th Cir. 2010) (explaining that the defendant's guilty plea waived his claims for alleged violations of his *Miranda* rights); *United States v. Hewitt*, 326 Fed. App'x 756, 758 (5th Cir. 2009) (concluding that the defendant's guilty plea waived any claim of illegal seizure); *United States v. Allen*, 250 F. App'x 9, 12 (5th Cir. 2007) (affirming the denial of a § 2255 petition because the defendant's guilty plea waived any claims based on the government conducting an illegal search).

### III. Conclusion

For the reasons indicated in this Order, it is:

**ORDERED** that Petitioner Reyna Guadalupe Zuniga's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED** as meritless.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Zuniga fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on December 27, 2023.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge